**DONNELL C., et al., Plaintiffs,**

v.

**The ILLINOIS STATE BOARD OF EDUCATION, et al., Defendants.**

**No. 92 C 8230.**

United States District Court, N.D. Illinois, E.D.

Aug. 20, 1993.

Ruthanne DeWolfe, Legal Assistance Foundation, John S. Elson, Northwestern University Legal Clinic, Chicago, IL, for plaintiffs.

Thomas A. Ioppolo, Illinois Atty. Gen.'s Office, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

### STATEMENT OF FACTS

Plaintiffs are twenty-three individual school-aged pretrial detainees in the Cook County Jail. Plaintiffs allege they have either been denied complete access to regular and special educational services during their period of pretrial detention, or have received services vastly inferior to those provided non-detainees. Plaintiffs claim their condition violates the substantive and procedural components of the Fourteenth Amendment Due Process Clause, the Equal Protection Clause, the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 794, as well as Illinois law.

Plaintiffs' complaint groups their claims against defendants[1] into three categories. Count I states a claim in favor of those plaintiffs deprived of special educational services, alleging violations of federal constitutional and statutory law. Count II states a similar claim on behalf of plaintiffs deprived of regular educational services, alleging violations of the United States Constitution and Illinois law. Count III invokes the court's supplemental jurisdiction, 28 U.S.C. § 1367, stating a violation of 105 ILCS 5/10–20.12 (West 1992). Plaintiffs have requested declaratory and injunctive relief, and attorneys' fees.

Before the court is State of Illinois defendants' motion to dismiss. Defendants challenge plaintiffs' assertion of cognizable constitutional right to educational services, and the right of plaintiffs in need of special educational services to sue under IDEA and the Rehabilitation Act.

## ANALYSIS

### I. *Constitutional Claims*

It is uncontested that there is no explicit protection of a right to education under the federal constitution. *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 35, 93 S.Ct. 1278, 1297, 36 L.Ed.2d 16 (1973). Nor is education a fundamental right requiring a state to demonstrate a compelling necessity for every variation in the manner in which education is provided to its population. *Plyler v. Doe,* 457 U.S. 202, 223, 102 S.Ct. 2382, 2397, 72 L.Ed.2d 786 (1982).

However, the Supreme Court has never definitively stated whether a minimally adequate education is a fundamental right, or whether a statute that discriminates in that area is accorded heightened equal protection review. *Papasan v. Allain,* 478 U.S. 265, 285, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986). In *Rodriguez,* the court opined that it was possible, though doubtful, that a minimal level of education is a constitutionally protected prerequisite to the meaningful exercise of First Amendment rights. *Rodriguez,* 411 U.S. at 35–37, 93 S.Ct. at 1297–99. In *Plyler,* the court indicated that the deprivation of basic educational services must be rationally related to a substantial goal of the state, *Plyler,* 457 U.S. at 224, 102 S.Ct. at 2398, a somewhat higher standard of review than that normally imposed in the absence of a suspect classification or fundamental right. *See Lawline v. American Bar Association,* 956 F.2d 1378, 1385 (7th Cir.1992) (must be rationally related to legitimate state interest).

■ Plaintiffs' complaint alleges only approximately 39% of those school age pretrial detainees in need of special educational services were receiving them. Further, they were not being taught courses other than reading and math, did not have textbooks, workbooks or other instructional materials, and were not given learning disability assessment and instruction. The complaint also alleges that as of October, 1991, some 1,470 school age pretrial detainees in the Cook County Jail were not receiving any kind of educational services, and what instructional services there were were limited to the areas of reading and math. These are not legal conclusions couched as factual allegations, *Papasan,* 478 U.S. at 286, 106 S.Ct. at 2944, but serious factual allegations of a lack of instruction on even the educational basics, or worse, a total lack of instruction altogether. Taking these allegations to be true, which the court must, *Bethlehem Steel Corp. v. Bush,* 918 F.2d 1323, 1326 (7th Cir.1990), the court cannot say that no relief could be granted plaintiffs. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Plaintiffs' complaint states a claim under the substantive component of the Due Process clause.

■ Plaintiffs' complaint states a valid claim under the Equal Protection clause as well. The court does not doubt that maintaining prison security, the justification provided by defendants for their failure to provide pretrial detainees the educational servic-

---

1. Plaintiffs have named as defendants the Illinois State Board of Education and its individual members, the City of Chicago Board of Education, the superintendents of both boards, the Cook County Board and its president, and the Sheriff and Director of the Department of Corrections of Cook County.

es given to children in free society, is a legitimate, or even substantial, state interest. Cf. *Bell v. Wolfish,* 441 U.S. 520, 546–47, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). However there must still be a rational relationship between defendants' alleged actions and this interest to justify the disparity in treatment. Such a relationship is not difficult to establish, *Metropolitan Life Insurance Co. v. Ward,* 470 U.S. 869, 881, 105 S.Ct. 1676, 1683, 84 L.Ed.2d 751 (1985). Nevertheless if defendant's actions are sufficiently unrelated to any combination of legitimate purposes, or the relationship between them is sufficiently attenuated as to render the disparity arbitrary, no rational relationship has been shown. *Nordlinger v. Hahn,* — U.S. —, —, 112 S.Ct. 2326, 2332, 120 L.Ed.2d 1 (1992); *Gregory v. Ashcroft,* — U.S. —, —, 111 S.Ct. 2395, 2406, 115 L.Ed.2d 410 (1991).

■ In this case, defendants have done little to establish such a rational relationship. Their basic argument is that "if inmates could sue in federal court that a particular service they receive (or are denied) does not "equal" what they could get in the free community, this too would result in chaos." In the first place, this argument does not relate to the state's interest in maintaining prison security, but the state's desire to be free of prisoner litigation. In the second, the Fourteenth Amendment does not require absolute equality or precisely equal advantages. *Ross v. Moffitt,* 417 U.S. 600, 612, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974) (quoting *Rodriguez,* 411 U.S. at 24, 93 S.Ct. at 1292). Apocryphal claims of burdensome litigation do not justify disparate treatment under the Equal Protection Clause.

In *French v. Heyne,* 547 F.2d 994 (7th Cir.1976), the Seventh Circuit was faced with an equal protection challenge by Indiana prison inmates to an Indiana Department of Corrections decision to limit vocational training to inmates with short indeterminate sentences. The court noted that defendants had failed to explain or articulate the bases for the distinctions drawn in the prison vocation-

al training program and, although it envisioned what some purposes for the distinctions might be, declared:

> [W]e cannot indulge in supplying an imaginary purpose or basis for the classification, *McGinnis v. Royster,* 410 U.S. 263, 277 [93 S.Ct. 1055, 1063, 35 L.Ed.2d 282] (1973), and thereby preclude plaintiffs from showing that such an "apparent" basis does not actually exist. *McGowan v. Maryland,* 366 U.S. 426 [420], 427 [81 S.Ct. 1101, 1105, 6 L.Ed.2d 393] (1961)

*French,* 547 F.2d at 999. At least on defendants' motion to dismiss, the court must do likewise.

■ Plaintiffs' claim of a procedural due process violation depends upon the creation of a constitutionally protected property interest in 105 ILCS 5/10–20.12, which obligates each school board in Illinois to keep in operation a sufficient number of free schools for the accommodation of all persons between the ages of 5 and 21, "and to secure for all such persons the right and opportunity to an equal education in such schools." A similar law in Ohio was held to create such a protectible interest. *Goss v. Lopez,* 419 U.S. 565, 573–74, 95 S.Ct. 729, 736, 42 L.Ed.2d 725 (1975).

Defendants point out however, that Illinois has established a separate school district to provide for the educational needs of Department of Corrections inmates at all educational levels, 105 ILCS 5/13–40, and has invested the school board of this district with discretion to assign and reassign students, suspend or expel them for disciplinary purposes, and transfer students to other programs more suited to his needs, or the needs of the district. 105 ILCS 5/13–43.11.[2] Noticeably absent however, is the grant of power to the school board to remove an inmate from an educational program without cause. The school boards' interest in discipline for its own administrative needs and the educational needs of its charges certainly would figure into a determination of what process is due plaintiffs, *Matthews v. Eldridge,* 424 U.S. 319, 333–35, 96 S.Ct. 893, 902, 47 L.Ed.2d 18

---

**2.** It is unclear from the briefing by the parties whether the Cook County Jail school maintained for the benefit of pretrial detainees is authorized

by § 5/13–40, which creates a school district for the benefit of inmates and wards within the Department of Corrections.

(1976), but they are not indicative of the absence of a protectible interest which may deprived without due process.[3]

Defendants have one other objection to plaintiffs' claim of a procedural due process violation. They argue that by virtue of the probable cause hearing or indictment process undertaken before the confinement of any pretrial detainee, plaintiffs have already received whatever process they are due. This argument is a non-sequitur. Probable cause to detain an accused does not equate to a determination as to the accused conditions of confinement. *Bell,* 441 U.S. at 533–34, 99 S.Ct. at 1871.

## II. *Statutory Claims*

■ The IDEA's purpose is to assure that "all children with disabilities" have a free appropriate public education which emphasizes special education. 20 U.S.C. § 1400(c). "Special education" has been defined to include instruction conducted in the classroom, in the home, in hospitals and institutions, and in other settings. 20 U.S.C. § 1401(a)(16). The IDEA confers upon disabled students an enforceable right to public education in participating states. *Honig v. Doe,* 484 U.S. 305, 310, 108 S.Ct. 592, 597, 98 L.Ed.2d 686 (1988). The only question here, raised by defendants, are whether the language referring to "all children" and to instruction "in hospitals and institutions, and in other settings" was meant to apply to pretrial detainees.

■ The Department of Education certainly thinks so. Its Office of Special Education and Rehabilitative Services has found the Act to apply to state correctional facilities. 34 C.F.R. § 300.2(b)(4). Where Congress has delegated authority to an administrative agency to interpret the provisions of a statute in its rules and regulations, that interpretation is given controlling weight unless arbitrary or capricious. *Chevron U.S.A. Inc. v. Natural Resources Defense Counsel,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). Defendants have not given the court any genuine reason to believe that § 300.2(b)(4) is arbitrary or capricious, and the rulemaking history belies any such assertion. 42 FR 42,474 (1977). Accordingly, plaintiffs may maintain a cause of action under IDEA.

■ The Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794(a) provides that no otherwise qualified individual with a disability shall, solely because of that disability, be excluded from participation in or subject to discrimination "under any program or activity" receiving federal financial assistance. "Program or activity" includes all of the operations of a department agency, special purpose district or other instrumentality of a state or local government. 29 U.S.C. § 794(b)(1)(A). Contrary to defendants' assertion, the Act is applicable to inmates at correctional facilities. *Bonner v. Lewis,* 857 F.2d 559, 562 (9th Cir.1988). There is no apparent basis for singling out plaintiffs from this interpretation of the Act because they are pretrial detainees rather than convicted prisoners. Plaintiffs allege that the average stay in pretrial detention for school age individuals is 180 days. Defendants have seen fit—wisely—to provide educational services for those detainees and have elected to receive federal funds to facilitate that task. This places them within the scope of the Rehabilitation Act.

## CONCLUSION

For the foregoing reasons, State defendants' motion to dismiss is denied.

---

**3.** Resolution of this issue in plaintiff's favor is also dispositive of the validity of plaintiffs' state law claims under Count III.